

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2009

# Matthew Millhouse, Jr. v. J. Grondolsky

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Matthew Millhouse, Jr. v. J. Grondolsky" (2009). *2009 Decisions*. Paper 806.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/806

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2086
_____

MATTHEW T. MILLHOUSE, JR.,

Appellant

vs.

J. GRONDOLSKY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-CV-00312)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2009
Before:  SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges

(Opinion filed: August 17, 2009)

_____

OPINION
_____

PER CURIAM.

        Matthew T. Millhouse, Jr. appeals from the order of the United States

District Court for the District of New Jersey dismissing his habeas petition filed under 28

1

U.S.C. § 2241. We will affirm.

Millhouse, an inmate at the federal prison in Fort Dix, New Jersey, was convicted of money laundering crimes by a federal court in the Northern District of Ohio. He filed a motion pursuant to 28 U.S.C. § 2255, which was dismissed on June 5, 2007. The United States Court of Appeals for the Sixth Circuit denied relief on June 19, 2008. On January 15, 2009, Millhouse filed the § 2241 petition at issue here, raising the same ten claims that were raised in his § 2255 motion in the Ohio court, and an eleventh claim that the Bureau of Prisons was holding him in illegal detention because his conviction was unconstitutional. Millhouse argued that he could bring his claims under § 2241, because § 2255 was "inadequate or ineffective to test the legality of his detention." Section 2241 Petition at ¶ 13. The District court dismissed the petition for lack of jurisdiction. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

As the District Court properly noted, a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Millhouse concedes that a habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d at 249-51. However, Millhouse fails to recognize that a section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet

2

the stringent gatekeeping requirements of section 2255, <u>Okereke v. United States</u>, 307

F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief, <u>Cradle</u>

<u>v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).  Rather, the

"safety valve" provided under section 2255 is extremely narrow and has been held to

apply in unusual situations, such as those in which a prisoner has had no prior opportunity

to challenge his conviction for a crime later deemed to be non-criminal by an intervening

change in law.  <u>See Okereke</u>, 307 F.3d at 120 (citing <u>In re Dorsainvil</u>, 119 F.3d at 251).

Despite Millhouse's protestations that he has been "imprisoned for a non-

existent offense," we agree with the District Court that Millhouse's situation is not the

rare one rendering section 2255 inadequate or ineffective.  Millhouse has not been

convicted of an offense that was later found to be non-criminal.  Instead, Millhouse

simply raises arguments concerning his conviction that could have been raised on direct

appeal or in his § 2255 motion.  That Millhouse has already unsuccessfully pursued a

section 2255 motion in the sentencing court and now faces a statutory bar to filing

another one does not show the inadequacy of that remedy.

We have considered the record and Millhouse's arguments in his

memorandum in opposition to summary action.  Because no substantial question is

presented by this appeal, we will summarily affirm the District Court's judgment.  <u>See</u>

Third Circuit LAR 27.4 and I.O.P. 10.6.